NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ROWAN B., Sr. and RISA F., ) | |
| ) | Supreme Court No. S-15107 |
| Appellants, ) | |
| ) | Superior Court Nos. 3PA-12-00057, |
| v. ) | 3PA-12-00058, and 3PA-12-00059 CN |
| ) | |
| STATE OF ALASKA, DEPARTMENT ) | MEMORANDUM OPINION |
| OF HEALTH & SOCIAL SERVICES, ) | AND JUDGMENT* |
| OFFICE OF CHILDREN'S SERVICES, ) | |
| ) | No. 1514 - August 13, 2014 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances:  Rachel Cella, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Appellant Rowan B., Sr.  Michael A. Rose, Frontier Law Group, LLC, for Appellant Risa F.  Joanne Grace, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

_____

\*      Entered under Alaska Appellate Rule 214.

This matter was remanded for limited proceedings, with jurisdiction retained.[1] On remand the superior court obtained, reviewed, and made available the various discovery items discussed in our earlier opinion. The superior court invited supplemental briefing on whether any issues remained to be litigated. The State of Alaska, Department of Health and Social Services, Office of Children's Services, responded that nothing remained to be litigated. Despite obtaining an extension of time, Rowan B. failed to respond. The superior court set all this out in its order after remand, including the fact that Rowan had been convicted in the related criminal case, and returned the case to us.

Having considered the entire record, including the superior court's order on remand, we conclude the superior court's determination that Rowan — who had custody of the children as a result of his divorce from Risa — sexually abused the children or placed them at risk of sexual abuse, is not clearly erroneous. Therefore, the superior court's adjudication of the children as children in need of aid under AS 47.10.011(7) (sexual abuse or risk of sexual abuse) was correct. We do not need to consider Rowan's appeal of the superior court's child in need of aid findings under AS 47.10.011(6) and (8).[2] And because Rowan had custody of the children and Risa had only limited visitation rights, we do not need to consider whether the superior court's determination was correct that the children were in need of aid under AS 47.10.011(11)

---

[1]     *See Rowan B., Sr. & Risa F. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 320 P.3d 1152 (Alaska 2014).

[2]     *Jon S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 212 P.3d 756, 762 (Alaska 2009) (holding only one statutory basis is required to find a child in need of aid).

(mental illness) due to Risa's conduct.[3]

We AFFIRM the superior court's adjudication order.

---

[3] *See also Jeff A.C., Jr. v. State*, 117 P.3d 697, 703 (Alaska 2005) (noting child can be adjudicated based on acts of just one parent).